IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE E. GONZALEZ, | ) | 4:14CV3089 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAKOTA COUNTY, NEBRASKA, | ) | |
| and SOUTH SIOUX CITY, | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jose E. Gonzalez alleges in this case that Defendants Dakota County, Nebraska ("Dakota County"), and South Sioux City, Nebraska ("South Sioux City"), violated rights conferred upon him by Article 36(1)(b) of the Vienna Convention on Consular Relations ("Vienna Convention"), 21 U.S.T. 77, 100-101, T.I.A.S. No. 6820. Assuming without deciding that Article 36(1)(b) confers individually enforceable rights actionable under 42 U.S.C. § 1983, the court concludes Gonzalez's suit is untimely. In addition, the court concludes Gonzalez did not sufficiently allege that Dakota County or South Sioux City's official policy or custom led to his injuries.

**VIENNA CONVENTION**

"The Vienna Convention was drafted in 1963 with the purpose, evident in its preamble, of 'contribut[ing] to the development of friendly relations among nations, irrespective of their differing constitutional and social systems.'" *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 337 (2006) (quoting 21 U.S.T. at 79). Article 36 states in full:

> 1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:
> (a) consular officers shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the

sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State;

(b) *if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner.* Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. *The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph*;

(c) consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. They shall also have the right to visit any national of the sending State who is in prison, custody or detention in their district in pursuance of a judgment. Nevertheless, consular officers shall refrain from taking action on behalf of a national who is in prison, custody or detention if he expressly opposes such action.

2. The rights referred to in paragraph 1 of this Article shall be exercised in conformity with the laws and regulations of the receiving State, subject to the proviso, however, that the said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended.

[21 U.S.T. at 101-02](#) (emphasis added).

Here, Gonzalez complains Dakota County and South Sioux City failed to inform him of his right to consular notification and access under the Vienna Convention.[1]

---

[1]Although not relevant to the court's disposition of this case, the court notes there is a disagreement among the circuit courts on the question of whether the Vienna Convention establishes any judicially enforceable right of consultation between a detained foreign national and the consular representatives of his or her nation. *Compare*

2

**BACKGROUND**

Gonzalez is a national of Mexico who is currently incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. On October 31, 2008, South Sioux City Police arrested Gonzalez. (Filing No. 1 at CM/ECF p. 3.) The court judicially notices relevant public records, which reflect that the State of Nebraska charged Gonzalez by information on December 8, 2008, in the Dakota County District Court with first-degree sexual assault. (*Gonzalez v. Houston*, No. 4:13CV03016 (D. Neb.), Filing No. 7-1 at CM/ECF p. 15.) A jury found Gonzalez guilty of the offense, and the state district court sentenced him to 30 to 32 years' imprisonment. *State v. Gonzalez*, No. A-10-179, 2010 WL 4241022, *2 (Neb. Ct. App. Oct. 26, 2010).

Gonzalez set forth in his Complaint that he was held in the Dakota County Jail from the date of his arrest on October 31, 2008, until the date of his sentencing on June 29, 2009. He alleged that at no time during his arrest or incarceration did Dakota County

---

*Mora v. New York*, 524 F.3d 183 (2d Cir. 2008) (holding detained alien may not vindicate in an action for damages the failure of the detaining authority to inform him of the availability of consular notification and access); *Gandara v. Bennett*, 528 F.3d 823 (11th Cir. 2008) (in civil action alleging violation of the consular notification provisions of the Vienna Convention, holding the Vienna Convention does not create private rights and remedies enforceable through § 1983); *Cornejo v. Cnty. of San Diego*, 504 F.3d 853 (9th Cir. 2007) (concluding Article 36's obligation to inform aliens of their right to consular notification does not create judicially enforceable individual rights), *United States v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001) (same), and *United States v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001) (same), with *Jogi v. Voges*, 480 F.3d 822, 834-36 (7th Cir. 2007) (holding that "Article 36 confers individual rights on detained nationals" that can be vindicated in private action). The Eighth Circuit Court of Appeals has yet to decide whether the Vienna Convention creates an individually enforceable right to consular notification, whether a defendant must show prejudice to vindicate that right, if it exists, or what remedies are available for such a violation. *Viveros v. Hobbs*, No. 5:10CV00262 JMM/BD, 2011 WL 4072093, at *4 (E.D. Ark. Aug. 22, 2011) (citing *United States v. Santos*, 235 F.3d 1105, 1107-08 (8th Cir. 2000)).

or South Sioux City officials inform him of his right to consular notification and access under the Vienna Convention.

**DAKOTA COUNTY MOTION TO DISMISS**

Dakota County argues, in part, that Gonzalez's claim is barred by the relevant statute of limitations. (Filing No. 21.) The applicable statute of limitations for this action is four years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding the appropriate statute of limitations for a claim brought under section 1983 "is that which the State provides for personal-injury torts"); Neb. Rev. Stat. § 25-207 ("an action for an injury to the rights of the plaintiff" can be brought within four years).

**A.     Accrual Date**

In order to determine whether Gonzalez filed this action within the four-year limitations period, the court must first determine when his claim accrued. Dakota County argues the claim accrued, at the latest, on June 29, 2009, when Gonzalez was sentenced to prison for the first-degree sexual assault. (Filing No. 21 at CM/ECF p. 4.) Gonzalez argues the claim accrued when he actually became aware of "the wrong upon which th[is] action is based." (Filing No. 33 at CM/ECF p. 3.) He does not specify a date except to say that he was unaware "that defendant failed to read and advise him about the Vienna Convention until just recently." (Filing No. 33 at CM/ECF p. 4.)

Unlike the statute of limitations, "the accrual date of a § 1983 action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Id.* The statute of limitations commences to run when the wrongful act or omission results in damages. *Id.* at 391. The cause of action accrues even though the full extent of the injury is not then known or predictable. *Id.*

The court agrees with Dakota County that, at the latest, Gonzalez's claim accrued on June 29, 2009. Gonzalez alleged that, on this date, he entered the custody of the Nebraska Department of Correctional Services ("NDCCS"). (Filing No. 1 at CM/ECF p. 3.) That is, on this date, he left Dakota County's custody. The court agrees with Dakota County that, by this date and likely even earlier, Gonzalez possessed a complete cause of action triggering the commencement of the applicable statute of limitations. Moreover, other district courts that have considered the issue have concluded that such claims accrue no later than the date of conviction. *See McPherson v. United States*, 392 Fed. Appx. 938, 934 (3rd Cir. 2010) (finding the plaintiff's claim under the Vienna Convention accrued when the law enforcement officers failed to inform him of his rights under Article 36, and accrued no later than the date of his conviction) (citing *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 355 (D.N.J. 2003) (noting the plaintiff's claim under the Vienna Convention accrued when the law enforcement officers failed to inform him of his rights under Article 36, and to the extent that plaintiff relied upon a "continuing wrong" theory, no later than the date of his conviction)).

Having found that Gonzalez's claim accrued no later than June 29, 2009, the court can conclude that Gonzalez filed this case well outside the four-year statute of limitations.

**B.     Tolling**

Gonzalez argues he is entitled to tolling of the limitations period because of his "inability to understand the complexity of [] civil procedure" and because he has been incarcerated since October 31, 2008. (Filing No. 33 at CM/ECF p. 3, 5.)

A federal court considering a section 1983 claim applies the tolling rules of the jurisdiction from which it draws the limitations period, in this case Nebraska. *See Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 487 (1980). In Nebraska, the limitations period may be tolled as set forth in § 25-213, which provides:

> Except as provided in sections 76-288 to 76-298, if a person entitled to bring an action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or *imprisoned*, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed.

Neb. Rev. Stat. § 25-213 (emphasis added). The Nebraska courts have interpreted section 25-213 to mean that imprisonment does not by itself toll the limitations period; rather, some disability traceable to imprisonment is also required. *See*, *e.g.*, *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996) ("a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment").

Gonzalez does not demonstrate any legal disability separate from the mere fact of his imprisonment. Accordingly, the court finds Gonzalez's claim against Dakota County is untimely and must be dismissed. In addition, the court finds that, even if Gonzalez's claim were not barred by the statute of limitations, his claim would be subject to dismissal because, as discussed below, he alleged a single incident of allegedly unconstitutional activity that is insufficient to impose liability on Dakota County or South Sioux City.

**SOUTH SIOUX CITY AND DAKOTA COUNTY MOTIONS TO DISMISS**

South Sioux City's Motion to Dismiss set forth three arguments for why Gonzalez's claim against the city should be dismissed: (1) the claim is procedurally defaulted because Gonzalez did not raise the argument in state court; (2) Gonzalez does not have any individually-enforceable rights under the Vienna Convention; and (3) the city cannot be held vicariously liable for an alleged act committed by one of its employees or officials. (Filing No. 24.)

The court rejects South Sioux City's first argument outright. The rules of procedural default applicable to habeas corpus cases are not at issue here because this is an action for money damages, not a habeas corpus case. As to the city's second argument, the court need not decide whether Gonzalez has any individually-enforceable rights under the Vienna Convention because, as both Dakota County and South Sioux City argue, Gonzalez has not alleged that an unconstitutional policy, custom, or practice was the moving force leading to his injuries.

As municipalities, South Sioux City and Dakota County can be liable under § 1983 only if a municipal policy or custom caused Gonzalez to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Gonzalez made no specific allegations in his Complaint alleging a city or county-wide policy, custom, or practice of detaining foreign nationals without advising them of their right to contact their consulates. Rather, he alleged in conclusory fashion that "[i]t should be noted that defendants have established a practice of denying foreign nationals their rights under the Convention." (Filing No. 1 at CM/ECF p. 5.)

On this issue, Gonzalez's complaint does not contain specific facts supporting his conclusions. The court cannot impose municipal liability absent factual, non-conclusory allegations that unlawful actions were taken pursuant to a municipality's policy or custom. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

For the foregoing reasons, the court finds that, even if Gonzalez's claim was not barred by the statute of limitations, he would not be entitled to relief based on the allegations set forth in his Complaint.

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice and Defendants' Motions to Dismiss (Filing Nos. 19 and 22) are granted to the extent they are consistent with the relief provided in this Memorandum and Order.

2. Gonzalez's Motion in Opposition to Defendant's Motion to Dismiss (Filing No. 33) is overruled.

3. In light of the foregoing, Dakota County's Motion for Leave to Cite Supplemental Authority (Filing No. 25) and Motion to Strike (Filing No. 35) are denied as moot.

4. The court will enter judgment by a separate document.

DATED this 3rd day of November, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.